## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Lisa Webb, | Case No. |
| and, | |
| Jason Webb, | **COMPLAINT** |
| Plaintiff, | |
| v. | **Jury Demand Requested** |
| MediCredit, Inc. c/o CT Corporation System 208 S. LaSalle Street, Suite 814 Chicago, IL 60604, | |
| Defendant. | |

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3- Plaintiffs incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the ōDebtö).

4- Plaintiffs are residents of the State of Illinois.

5- Defendant is a corporation with its principal office in the State of Missouri.

6- Defendant acquired the Debt after it was in default and therefore qualifies as a ōDebt Collectorö under the Fair Debt Collection Practices Act.

7- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

10- The Debt was incurred prior to September 27, 2016.

11- On or around September 27, 2016, Plaintiffs filed a voluntary bankruptcy petition (the õPetitionö).

12- By filing the Petition, Plaintiffs gained the protection of the automatic stay, which included the Debt.

13- The Petition expressly listed Defendant in the schedules.

14- On or around September 27, 2016, the Clerk of the Bankruptcy Court for the Northern District of Illinois mailed notice to the Petition to Defendant.

15- Despite having notice, on or around October 3, 2016, Defendant telephoned Plaintiffs to collect the Debt.

16- The FDCPA requires Defendant to maintain procedures reasonably adapted to avoid violations.

17- Had the Defendant maintained the required reasonable procedures it would have discovered the bankruptcy.

18- Defendant damaged Plaintiffs.

19- Defendant violated the FDCPA.

## COUNT I

20- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

21- Defendant violated 15 USC §1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney.

## COUNT II

22- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT III

24- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT IV

26- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT V

28- Plaintiffs incorporate all the allegations and statements made above as if reiterated herein.

29- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

30- Plaintiffs demand a trial by jury.

**PRAYER FOR RELIEF**

31- Plaintiffs pray for the following relief:

a.  Judgment against Defendant for Plaintiffs' actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b.  Judgment against Defendant for $2,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  Judgment against Defendant for Plaintiffs' reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiffs*